THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DECATUR v. J. B. LEAMAN.

No. 14,592.   (85 Pac. 590.)

FEES AND SALARIES — *Deputy Sheriffs.* A sheriff held not entitled to recover compensation for the service of deputies in excess of that authorized by the statute.

Error from Decatur district court; ABEL C. T. GEIGER, judge. Opinion filed May 12, 1906. Reversed.

*L. M. Parker,* county attorney, for plaintiff in error; *G. Webb Bertram,* of counsel.

*W. S. Langmade,* for defendant in error.

50—73 KAN.

*Per Curiam:* J. B. Leaman held the office of sheriff of Decatur county for a period of five years, from January 8, 1900, to January 9, 1905. Two days before his term of office expired he filed a claim against the county for $1250 for deputy hire at the rate of $250 for each of the five years. The claim was disallowed by the board of commissioners, and on appeal to the district court the cause was tried by the court without a jury and Leaman was given judgment for $750, the court holding that the claim for deputy hire for the first two years was barred by the statute. The county brings error.

It appears from the evidence that during the five years Leaman was sheriff he presented claims against the county for the services of himself and deputy for each day and mileage for each mile either he or his deputy traveled, and these claims were from time to time allowed.

The peculiar claim is advanced by defendant in error in support of the judgment in this case that the conditions existing in Decatur county at the time he was so unfortunate as to be called upon to fill the office of sheriff were such as to authorize a special dispensation of justice. It appears that the court-house, sheriff's residence and jail were all separated by a distance of several blocks, requiring extra help and assistance in caring for the prisoners. In addition, the sheriff's own testimony discloses that the earnings of his office were small during the years he held it. In some years he thinks he only averaged about $900 as receipts. A former sheriff who immediately preceded him in the office testified that his earnings were on an average of $1700 a year.

Authorities are cited to the effect that when a party knowingly appropriates to its own use the property or services of another, there is an implied contract to pay for the same. It is argued that the county appropriated to its use the services furnished by the sheriff

and should allow him for it. The claim is not based upon any testimony that in each year defendant in error hired a deputy and paid him $250. The amount claimed for each year appears to be a sort of estimate on the part of the sheriff that this amount would about square him with the county for that year.

The statute fixes the fees and allowances of sheriffs, and we know no way he can avoid rendering services to the county for an inadequate compensation except by resigning the office when dissatisfied with the emoluments fixed by the statute. To uphold this judgment would open the door to the allowance by the boards of county commissioners of innumerable claims which might with as much propriety be presented by county officers after their terms had expired for additional compensation for services claimed to have been rendered. There is no law that we know of or have been referred to which would sustain the judgment, and it is therefore reversed and remanded, with instructions to enter judgment for defendant below for costs.